IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                           No. CR 04-0511 JB

EDISON MORGAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report and Motion for Downward Departure, filed May 28, 2004 (Doc. 20). The primary issue is whether the Defendant Edison Morgan's family circumstances are exceptional and whether the Court should therefore grant a downward departure that would permit him to return to his family as soon as possible and again provide assistance.

## FACTUAL BACKGROUND

On October 24, 2003, Edison Morgan became angry at Ben Barney, Morgan's sixty-five-year-old uncle. The source of Morgan's anger was a dispute regarding the need for a medicine man to treat Morgan's mother at Barney's home in Mexican Springs, New Mexico. Barney, evidently sensing the danger he was in before its manifestation, went to the porch to call the police. Morgan followed him out, where he pushed Barney off the porch. Barney fell to the ground, suffering fractures to his elbow and hip. Edison also assaulted Barney's wife when he threw her to the ground as she attempted to assist her husband. After Edison had assaulted the elderly couple and left them lying on the ground, Morgan said that, if only he "had a gun, I would have shot you all."

Edison Morgan has a wife, Ladora Morgan, four children, and two elderly parents. Ladora Morgan represents that her husband plays an integral and vital role in the lives of his family members. When he is home, Mr. Morgan is responsible for keeping the household clean and hauling and chopping firewood for warmth. He also does the laundry for the children.

Mr. Morgan also has many other responsibilities for the care of the children. Mr. Morgan is the parent at home when the children return from school. The five year old child, Pamela, catches the bus at 6:30 a.m. and returns at 3:30 p.m. Ladora Morgan states that her husband would always be home for Pamela's safety.

Mr. Morgan prepares breakfast and dinner for the children. On a regular basis, he hauls 55 gallons of water for washing. Before his arrest, Mr. Morgan worked diligently at renovating the family's trailer home and keeping the area clean. Finally, Mr. Morgan provides additional financial support for the family by taking temporary labor jobs.

In addition to his immediate family, Mr. Morgan provides extensive assistance to his elderly parents. Jimmy Morgan, Edison Morgan's father, suffered a stroke in 1990 and is paralyzed on his right side. His mother, Janice Morgan, has multiple medical problems, as indicated in the Medical Report of Duty Status dated April 9, 2004. She suffers from osteomyelitis of the spine with chronic back pain, diabetes, and heart disease. She is described as "currently and permanently disabled." The services Edison Morgan provides to his parents are extensive. Those services have a significant impact on the quality of life his parents are able to have. The absence of his help has exacerbated their situation considerably.

**PROCEDURAL BACKGROUND**

In Morgan's Presentence Report, the Probation Officer determined that an adjusted offense

level of 16 applies to this case. With a criminal history category of II, Morgan faces a 24-30 month term of imprisonment. In addition, the Probation officer has concluded that, based on the information available, the assigned category may under-represent Morgan's criminal history; thus, Morgan faces a higher sentence should the Court choose to depart upward to a greater criminal history category. The United States is not filing a motion requesting an upward departure in this case.

Edison Morgan asks the Court to sustain his objections to the contents of the Presentence Report with respect to his criminal history.[1] Morgan also asks the Court to find that his family circumstances are exceptional and grant a downward departure on the basis of "family ties and responsibilities," USSG §5H1.6, and permit him to return home as soon as possible.

## LAW ON A MOTION FOR DOWNWARD DEPARTURE

The Sentencing Guidelines state that a defendant's "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." USSG §5H1.6. Family circumstances are a permissible but discouraged ground for departure under the guidelines. See United States v. Gauvin, 173 F.3d 798, 807 (10th Cir. 1999). When a factor is permissible but discouraged as a basis for a departure, a court may depart from the guideline range "'only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" Id. (quoting Koon v. United States, 518 U.S. 81, 94 (1996)).

## ANALYSIS

The Court has reviewed with care the letter from Edison's wife, Ladora Morgan. That the

---

[1] At the hearing on this motion, the Court heard argument on Morgan's objections to the presentence report. For the reasons stated on the record, and consistent therewith, the Court overrules those objections.

victims are Morgan's family members, however, provides one of the reasons against Morgan's proffered commitment to family and its attendant responsibilities, and thus injects concern about Morgan's request for leniency beyond that afforded other defendants. The Application Notes to §5H1.6 state that the Court should consider "[t]he involvement in the offense, if any, of members of the defendant's family" and "[t]he danger, if any, to members of the defendant's family as a result of the offense." USSG §5H1.6, comment. (n.1).

The Court notes that, in 1995, Morgan was convicted by the United States District Court in the District of Arizona, for Aggravated Assault with a Deadly Weapon. In that case, Morgan held his wife and children at gunpoint in a vehicle threatening to kill them several times. In that same offense, he pushed his father against the wall and gave him a nosebleed. Morgan also threw his father on the floor, kicked him, and threatened to kill him.

In the current offense, Morgan pushed his elderly uncle off of a porch causing serious bodily injury. He also pushed his elderly aunt down to the ground. During the course of this conduct, Morgan stated that if he had a gun, he would have shot everyone.

Defense counsel indicates that Morgan is a loving and caring father, and that his family needs his assistance at home. Prior conduct, however, indicates that Morgan has been a threat to his family members. The offense here was against family members, and Morgan has a history of violence against family members.

Although defense counsel argues that Morgan is needed at home because he provides financial assistance to his family by taking temporary jobs, it appears that Morgan's employment history is sporadic. Records indicate that he was been terminated from positions for failing to report to work or was not employed with the company for which he indicated he worked. The Court also notes that

Morgan has an extensive alcohol related arrest history and admitted to having problems with alcohol.

The Court is aware that in nearly all cases, families are affected by the incarceration of a loved one. This case is no exception. The Court does not believe that Morgan's circumstances are extraordinary. Thus, they do not warrant a departure from the applicable guideline range.

**IT IS ORDERED** that the Objections to the Presentence Report are overruled and the Motion for Downward Departure is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
  United States Attorney
  District of New Mexico
J. Miles Hanisee
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the United States of America*

Susan Bronstein Dunleavy
Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*